**EINARD LeBECK, INC., a corporation,**
**Plaintiff,**

v.

**UNDERWRITERS AT LLOYD'S OF**
**LONDON, ENGLAND,**
**Defendants.**

Civ. No. 63–142.

United States District Court
D. Oregon.
Oct. 24, 1963.

Walter H. Evans, Jr., of Evans & Kennedy, Portland, Or., for plaintiff.

James K. Buell, of Phillips, Coughlin, Buell & Phillips, Portland, Or., for defendants.

KILKENNY, District Judge.

Congregation Ahavath Achim, an association, was the owner in April, 1962, of a certain synagogue in Portland, Oregon. The plaintiff by written contract with the Congregation agreed to move the synagogue to another location in the same city. As part of the contract the plaintiff agreed to furnish the Congregation, at plaintiff's own expense, an all risk insurance policy in the amount of $100,000.00, assuring said Congregation that the "building could be moved with-

out damage", which policy excluded the first $1,000.00 of damage. Thereafter, defendants issued to plaintiff its Certificate of Insurance, whereby defendants agreed to insure plaintiff and the Congregation with a type of "all risk floater" for the period from April 15, 1962, to August 13, 1962. The Certificate contained what is commonly known as a "sue and labor clause".[1]

Subsequent to the issuance of the Certificate the plaintiff commenced the performance of the contract and after the building had been moved a short distance from its original location, a walking beam failed causing "an occurrence" within the meaning of the language of the policy and subsequently it was determined that said occurrence was the cause of the total and complete loss of the synagogue.

In the action by the Congregation against the defendants for the loss of the synagogue, it was held that the defendants were liable to the Congregation for $99,000.00, being the principal sum mentioned on the face of the policy, less the deductible sum of $1,000.00.

Plaintiff prosecutes this action under the sue and labor clause.

■■■ It is well recognized that such a clause in an insurance policy creates a duty on the part of the assured toward the insurance company, to exercise the care of a prudent, uninsured owner to protect the insured property in order to minimize or prevent loss from the occurrence for which the underwriter would be liable under the policy. Such a clause undertakes to reimburse the assured for those expenditures which are made primarily for the benefit of the underwriter either to reduce or to altogether eliminate a covered loss. Reliance Insurance Co. v. The Yacht Escapade, 280 F.2d 482, 86 A.L.R.2d 1236 (5 Cir. 1960). Although the language of the clause seems to be permissible, the courts have uniformly

held that such language creates an unconditional obligation on the part of the assured to take all reasonable steps to conserve the property.

No question is raised by defendants as to expense items of plaintiff totalling $5,156.68. Items in dispute are:

(1) The reasonable rental value of plaintiff's moving equipment, consisting of dollies, trailers, walking beams and jacks, which was left in place under the synagogue for a period of two months after the occurrence.

(2) The cost of the demolition of the synagogue after it was finally determined that the building was a total loss and could not be moved.

■■■ 1. Defendants concede that they would be liable for property rented for the specific purpose of protecting the synagogue during the period of time within which a decision was being made as to whether the move could be successfully completed. The parties are in substantial agreement that it took approximately two months to make this decision and I so find. Defendants concede that rental on barricades, cranes and some additional items furnished after the occurrence for the specific purpose of protecting the synagogue are proper items. However, argue the defendants, the equipment, the rental of which is in dispute, was never furnished for the purpose of protecting the synagogue from further damage. It is urged that such equipment was in use under the synagogue for the very simple reason that its presence was required in the performance of plaintiff's contract to move the synagogue. With this argument I am in complete agreement. Plaintiff, during the period under consideration, had hopes of fulfilling its contract, and held to such belief until it was finally determined that the building could not be moved. This moving equipment remained under and

---

1. "In case of loss or damage, it shall be lawful for the insured, their factors, servants and assigns to sue, labor and travel for, in and about the defense, safeguard and recovery of any property insured hereunder without prejudice to this insurance; to the charges whereof Underwriters will contribute according to the rate and quantity of the sum herein insured  *  *  * ".

attached to the building in compliance with the terms, conditions and requirements of the original contract and was there for the specific purpose of continuing the move, rather than serving a purpose in protection of the building or for the benefit of defendants. If plaintiff had successfully completed the move, even though such action took 60 days, a claim for rental of this moving equipment could not be successfully pursued under the sue and labor clause. Neither can such an action be prosecuted under the facts here presented.

2. The demolition of the synagogue, pursuant to the agreement of the parties, was not for the protection of the structure or the benefit of defendants and I find that the cost of such demolition is not recoverable by virtue of said sue and labor clause. By no stretch of the imagination can it be said that such destruction was in the interests of the defendants.

I would allow $1,250.00 as attorney fees.

Counsel shall prepare appropriate findings, conclusions and judgment in conformity herewith.